UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD T. FURNACE,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, et al.,<br><br>Defendants. | CASE NO. 1:14-cv-00814-LJO-MJS (PC)<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO:**<br><br>**1) PROCEED WITH SERVICE OF FIRST AMENDMENT CLAIMS; AND**<br><br>**2) DISMISS REMAINING CLAIMS WITH PREJUDICE**<br><br>**3) DIRECT PLAINTIFF TO SUBMIT SERVICE DOCUMENTS**<br><br>**(ECF No. 26)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Edward Terran Furnace, a.k.a. Asar Tauf Shakanasa, is a state prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

On June 4, 2015, the Magistrate Judge issued findings and recommendations to proceed with service of Plaintiff's cognizable First Amendment claims and to dismiss all

other claims with prejudice. (ECF No. 26.) Plaintiff filed objections on June 19, 2015. (ECF No. 27.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and by proper analysis, except that the Court makes the following modification in light of Plaintiff's objections to the recommended dismissal of his RLUIPA claims with prejudice:

The Magistrate Judge found that Plaintiff had not demonstrated entitlement to injunctive relief under RLUIPA because he had been transferred from Corcoran SHU, where his claims arose, and had not shown a reasonable likelihood of returning there. In his objections, Plaintiff asserts that the ICC recently recommended transferring him to Pelican Bay SHU, with an alternate of Corcoran SHU, and that Plaintiff will be housed at one of the two institutions as of August 16, 2015. (ECF No. 27.) Because Plaintiff's objections raise the possibility that Plaintiff will return to Corcoran SHU, the Court will dismiss Plaintiff's RLUIPA claims without prejudice. If Plaintiff is in fact transferred back to Corcoran, he may amend his complaint to reassert his RLUIPA claims.

Based on the foregoing, the Court HEREBY ORDERS:

1.   The Court adopts the Findings and Recommendations filed June 4, 2015 (ECF No. 26) in part;

2.   Plaintiff should proceed on the Second Amended Complaint's First Amendment claims against Defendants Gipson, Kimbrell, Swift, Allen, Robicheaux, Graves, and Sexton for denial of the name change and religious property request;

3.   Plaintiff's RLUIPA claims for denial of the name change and religious

property request are DISMISSED WITHOUT PREJUDICE;

4. All other claims asserted in the Second Amended Complaint and all other named Defendants are DISMISSED WITH PREJUDICE;

5. Service should be initiated on the following Defendants:

   (1) Connie Gipson, former warden, Corcoran; (2) Kimbrell, Litigation Coordinator, Corcoran; (3) Swift, Chief Deputy Warden-Administration, Corcoran; (4) Allen, Appeals Examiner; (5) Robicheaux, Correctional Lieutenant; (6) Graves, CRM(A); and (7) Sexton, Chief Deputy Warden-Operations, Corcoran.

6. The Clerk of Court should send Plaintiff seven (7) USM-285 forms, (7) summonses, a Notice of Submission of Documents form, an instruction sheet, and a copy of the Second Amended complaint, filed May 13, 2015 (ECF No. 24);

7. Within thirty (30) days from the date of service of this order, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

   i. Seven (7) completed summonses,

   ii. Seven (7) completed USM-285 forms for each Defendant listed above,

   iii. Eight (8) copies of the endorsed Second Amended Complaint filed May 13, 2015; and

8. Plaintiff need not attempt service on the defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named

3

defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: **July 16, 2015**          /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE