1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD T. FURNACE,

       Plaintiff,

  v.

CONNIE GIPSON, et al.,

       Defendants.

**Case No. 1:14-cv-00814-LJO-MJS (PC)**

**ORDER DIRECTING CLERK'S OFFICE TO FILE THIRD AMENDED COMPLAINT;**

**AND**

**FINDINGS AND RECOMMENDATIONS TO**

    **(1) GRANT DEFENDANTS' MOTION TO DISMISS;**

    **(2) GRANT PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND**

    **(3) PERMIT PLAINTIFF TO PROCEED ON HIS COGNIZABLE FIRST AMENDMENT CLAIMS AND DISMISS REMAINING CLAIMS WITH PREJUDICE**

**(ECF Nos. 51, 57, & 58)**

**FOURTEEN DAY OBJECTION DEADLINE**

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The case proceeds on Plaintiff's second amended complaint ("SAC") against Defendants Gipson, Kimbrell, Swift, Allen,

1  Robicheaux, Graves, and Sexton for violating the free exercise clause of the First
2  Amendment by denying Plaintiff's requests for a religious name change and to purchase
3  and possess religious property.  (ECF No. 24.)  Pending before the Court is Defendants'
4  motion to dismiss which Plaintiff opposes. Also pending is Plaintiff's motion to file a third
5  amended complaint, which Defendants oppose. Both matters are deemed submitted
6  pursuant to Local Rule 230(*l*).

7  **I.      Procedural History**

8       Plaintiff initiated this action on May 29, 2014. (ECF No. 1.) On June 4, 2015, the
9  Court recommended that Plaintiff proceed on his cognizable SAC First Amendment
10  claims against Defendants Gipson, Kimbrell, Swift, Allen, Robicheaux, Graves, and
11  Sexton. (ECF No. 26.)   The Court recommended dismissing, with prejudice, Plaintiff's
12  Religious Land Use and Institutionalized Persons Act ("RLUIPA") and Thirteenth
13  Amendment claims. Id. On July 16, 2015, the District Judge assigned to the case issued
14  an order adopting in part the findings and recommendations, and ordered Plaintiff to
15  proceed on his cognizable First Amendment claims. (ECF No. 28.)  The Court dismissed
16  Plaintiff's RLUIPA claim without prejudice, and Plaintiff's remaining claims were
17  dismissed with prejudice. Id.

18       On February 26, 2016, Defendants filed the instant motion to dismiss, arguing that
19  since Plaintiff's SAC seeks only injunctive and declaratory relief and Plaintiff has been
20  transferred to a new institution, his claim for relief is now moot.  (ECF No. 51.)  On May 5,
21  2016, Plaintiff filed opposition.  (ECF No. 56.)  On May 19, 2016, Defendants filed their
22  reply.  (ECF No. 59.)

23       On May 18, 2016, Plaintiff filed a motion seeking leave to file a third amended
24  complaint ("TAC"). (ECF No. 57.)  That same day, Plaintiff lodged a proposed amended
25  complaint with the Court.  (ECF No. 58.) On July 29, 2016, Defendants filed an opposition
26  to Plaintiff's motion to amend.  (ECF No. 60.)  On August 10, 2016, Plaintiff filed a reply.
27  (ECF No. 61.)

28

1    **II.    Plaintiff's Allegations**

2            The following factual allegations are taken from Plaintiff's SAC.

3            Plaintiff's claims arise out of events that occurred while he was incarcerated in the
4    segregated housing unit ("SHU") at Corcoran State Prison ("Corcoran") in Corcoran,
5    California. After those claims arose and were asserted, Plaintiff was transferred to
6    Kern Valley State Prison in Delano, California.

7            Plaintiff practices Shetaut Neter. Adherents of Shetaut Neter, or Neterians,
8    frequently adopt a religious name, and they are also exhorted to follow a diet of raw and
9    vegetarian food items such as fruits, nuts, and seeds.

10           Plaintiff asked Defendant Gipson to change his name to "Asar Tauf Shakanasa"
11   for religious reasons. Defendant Gipson denied Plaintiff's name change on the grounds of
12   institutional security. Plaintiff subsequently appealed Gipson's denial. Appeals
13   Coordinators Kimbrell, Swift, and Allen invoked Gipson's reasoning to deny Plaintiff's
14   appeal at all levels.

15           Plaintiff also requested leave to purchase items, such as food, clothing, and
16   religious artifacts, to facilitate his Neterian worship as part of his annual "spiritual
17   package." Defendant Robicheaux denied Plaintiff's religious package request at the first
18   level and Defendant Sexton did so at the second level. Defendant Graves of the
19   Religious Review Committee ("RRC") also recommended denying the request, and the
20   Warden's Advisory Group ("WAG") affirmed the denial. Plaintiff never received the items
21   requested.

22           Plaintiff seeks declaratory judgment, injunctive relief, costs of litigation, and such
23   other relief as the Court deems just.

24   **III.    Defendants' Motion to Dismiss**

25           **A.    Legal Standard**

26       A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a
27   claim, and dismissal is proper if there is a lack of a cognizable legal theory or the
28   absence of sufficient facts alleged under a cognizable legal theory. <u>Conservation Force</u>

3

1   v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations

2   omitted), *cert. denied*, 132 S. Ct. 1762 (2012).  In resolving a 12(b)(6) motion, a court's

3   review is generally limited to the operative pleading.  Daniels-Hall v. National Educ.

4   Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir.

5   2007);  Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006);

6   Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

7          In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), "a

8   complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

9   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

10  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In considering a motion to

11  dismiss, the court must accept as true the allegations of the complaint in question,

12  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the party opposing the motion, and resolve all

14  doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, *reh'g denied*,

15  396 U.S. 869 (1969).

16         Courts "have an obligation to give a liberal construction to the filings of pro se

17  litigants, especially when they are civil rights claims by inmates." Blaisdell v. Frappiea,

18  729 F.3d 1237, 1241 (9th Cir. 2013). Pro se complaints "may only be dismissed if it

19  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

20  which would entitle him to relief.'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014)

21  (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)).

22         **B.    Analysis**

23         Defendants move to dismiss Plaintiff's SAC on the grounds that Plaintiff seeks

24  only declaratory and injunctive relief against Corcoran officials; Defendants argue that

25  those claims have been rendered moot by Plaintiff's transfer from that prison. Even if

26  Plaintiff's SAC were construed as also seeking monetary damages, such claims, to the

27  extent made against Defendants in their official capacities, are barred by the Eleventh

28  Amendment.

4

Plaintiff concedes that he does not seek monetary damages (Pl. Opp'n (ECF No. 56) at 2), and does not dispute Defendants' Eleventh Amendment arguments, (Id. at 5). However, Plaintiff argues that his claims for declaratory judgment and injunctive relief are not moot, insofar as Plaintiff continues to be denied use of his religious name.  Id. at 2.

A declaratory judgment may only issue if there exists "a case of actual controversy" before the court.  28 U.S.C. § 2201(a); Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981).  "A case or controversy exists justifying declaratory relief only when 'the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) Super Tire Engineering Co. v. McCorkle, 416 U.S. 115, 122 (1974).  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

Where a prisoner seeks injunctive relief, transfer to another prison renders the request for injunctive relief moot absent some evidence of an expectation of being transferred back.  Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007).

Thus, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief generally become moot when he is no longer subjected to those conditions.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding prisoner's suit for library access to be moot upon his transfer to another prison); Chronicle Publishing Co. v. Rison, 962 F.2d 959, 960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be moot upon prisoner's release on parole).

1    Plaintiff was transferred from Corcoran on October 3, 2014. (ECF No. 12.) He

2  does not claim a likelihood that he will be transferred back.   Thus, his claims for

3  declaratory and injunctive relief have been rendered moot.

4    Plaintiff argues that his transfer to another prison should not "relieve" Defendants

5  of responsibility for the denial of the right to use his religious name, a denial which

6  continues at the new facility. As couched, this argument is reasonable and appealing.

7  However, it ignores the reality that it asks the Court to grant relief from non-parties at a

8  new facility who apparently have no responsibility for what happened at the old facility.

9  Quite simply, the Court lacks jurisdiction over such non-parties and cannot order them to

10 provide the relief Plaintiff seeks. Societe de Conditionnement, 655 F.2d at 942 (a federal

11 court may "declare the rights and other legal relations of parties to a case of *actual*

12 *controversy*.") (internal quotations omitted) (emphasis added).

13   Thus, the Court must find that Plaintiff's claims for declaratory and injunctive relief

14 have been rendered moot by Plaintiff's transfer from Corcoran. The Court will therefore

15 recommend dismissing Plaintiff's claims for declaratory and injunctive relief as moot.

16   **C.    Conclusion**

17   Plaintiff's claims for injunctive and declaratory relief are moot and Plaintiff's SAC

18 requests no other forms of relief; without damages, Plaintiff "no longer has a legally

19 cognizable interest in the outcome of this case."  Alvarez v. Hill, 667 F.3d 1061, 1064 (9th

20 Cir. 2012). Therefore, the Court will recommend dismissing the SAC for failure to state a

21 claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Ashcroft, 556 U.S. at

22 678.

23 **IV.   Plaintiff's Motion for Leave to Amend**

24   **A.    Legal Standard**

25   A party may amend its pleading once as a matter of course at any time before a

26 responsive pleading is served and up to twenty-one days after service of a responsive

27 pleading.   Fed. R. Civ. P. 15(a)(1)(B). In this case, a responsive pleading has been

28 served.   Therefore, Plaintiff may not file a second amended complaint without leave of

6

1    court.

2        "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice

3    so requires.'"  AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th

4    Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).    In determining whether to grant leave to

5    amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice

6    to the opposing party, and (4) futility of amendment.  In re Korean Airlines Co., Ltd., 642

7    F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994))

8    (quotation marks omitted).

9        With regards to undue delay, "'[w]here the party seeking amendment knows or

10   should know of the facts upon which the proposed amendment is based but fails to

11   include them in the original complaint, the motion to amend may be denied.'"  E.E.O.C. v.

12   Boeing, Co., 843 F.2d 1213, 1222 (9th Cir. 1988).

13       In evaluating whether a proposed amendment is futile, the Court must determine

14   whether the amendment would withstand a motion to dismiss under Federal Rule of Civil

15   Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the

16   proposed amended pleading.  Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011)

17   (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (reh'g en banc

18   Nordyke v. King, 681 F.3d 1041 (9th Cir. 2012). A proposed amended complaint is futile if

19   it would be immediately "subject to dismissal."

20       Prejudice to the opposing party carries the greatest weight, and absent prejudice,

21   or a strong showing of any of the remaining factors, there exists a *presumption* in favor of

22   granting leave to amend. Eminence Capital, LLC, 316 F.3d 1048, 1052 (9th Cir. 2003).

23       **B.    Analysis**

24       Plaintiff states he should be granted leave to file an amended complaint on the

25   grounds that his prayer for relief in his SAC was left deficient because of his lack of

26   awareness of applicable law and is easily curable. He seeks to amend his complaint to

27   add a prayer for monetary damages.

28

7

Defendants oppose amendment on the basis of futility only.[1] Defendants argue that Plaintiff cannot amend his complaint to state a claim that would entitle Plaintiff to relief because: (1) Plaintiff's claims for injunctive and declaratory relief have been rendered moot, and (2) Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment. (Def.'s Opp'n (ECF No. 60) at 2.) Defendants maintain that Plaintiff should be denied the opportunity to amend to add a prayer for monetary damages without claiming "how or why he is entitled to [such damages] . . . ." Id. at 5.

In determining whether an amended complaint would be futile, the Court must decide whether the proposed amended complaint would withstand a motion to dismiss pursuant to Rule 12(b)(6). Nordyke, 644 F.3d 788 n.12.

Plaintiff's proposed amended complaint repleads all of the claims within his SAC, including those that were dismissed or are the subject of the instant motion to dismiss, but adds a prayer for monetary relief. The Court found Plaintiff stated cognizable First Amendment claims in his SAC; his proposed further amended complaint does so again. That his proposed amended complaint contains non-cognizable claims does not nullify the viability of Plaintiff's other claims.

The Court fails to appreciate the nature or grounds for Defendants' criticism that the proposed amendment does not explain his basis for claiming monetary damage. Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) and (3). It is well-settled that the full range of common-law remedies is available to plaintiffs asserting claims under § 1983, including compensatory and punitive damages. See Memphis

---

[1] Under Local Rule 230(l), Defendants' opposition to Plaintiff's motion for leave to amend was untimely. Defendants do not offer any explanation as to why. ("Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion.")  While a failure to timely file an opposition may be deemed a waiver of opposition, Local Rule 230(l), the Court will not deem the delay a waiver in this case, preferring instead to reach the merits of Defendants' argument on the issue.

1    Cmty. School Dist. v. Stachura, 477 U.S. 299, 305-6 (1986) ("We have repeatedly noted
2    that 42 U.S.C. § 1983[] creates "'a species of tort liability' in favor of persons who are
3    deprived of rights, privileges, or immunities secured to them by the Constitution") (internal
4    quotations omitted). Plaintiff has alleged that each Defendant, in his or her individual
5    capacity, violated Plaintiff's right to freely exercise his religion by denying Plaintiff a
6    religious name change and access to religious items; as a result, Plaintiff suffered
7    damages. At this stage in the proceedings, Plaintiff has sufficiently pled his entitlement to
8    relief. Fed. R. Civ. P. 8(a).

9        Thus, it is concluded that Defendants have not shown Plaintiff's proposed
10   amendment would be futile.  They have not addressed the other factors to be considered
11   in determining whether amendment is proper. In this regard, however, the Court finds no
12   undue delay (Plaintiff requested leave to amend as soon as he became aware of the
13   apparent defect), nothing to suggest bad faith on the part of the Plaintiff, and no prejudice
14   to Defendants (the litigation remains in its early stages).

15       Based on the foregoing, the Court will therefore recommend granting Plaintiff's
16   motion to file an amended complaint. The Court will direct the Clerk of Court to file
17   Plaintiff's TAC; its screening follows:

18   **V.    Screening of Plaintiff's Third Amended Complaint**

19       Other than the addition of a prayer for monetary relief, Plaintiff's TAC is identical to
20   his SAC. For the sake of brevity, the Court will not repeat its analysis of claims that were
21   already considered in its screening (ECF No. 26) of Plaintiff's SAC. The Court will
22   recommend that Plaintiff be allowed to proceed on his cognizable First Amendment
23   claims against Defendants Gipson, Kimbrell, Swift, and Allen for denying Plaintiff a
24   religious name change, and against Defendants Gipson, Robicheaux, Sexton, and
25   Graves for denying Plaintiff's request to purchase and possess religious items. The Court
26   recommends dismissing, with prejudice, Plaintiff's RLUIPA and Thirteenth Amendment
27   claims, as well as dismissing, with prejudice, Plaintiff's pleas for injunctive and
28   declaratory relief.

**VI.   Conclusion**

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk of Court shall file ECF No. 58, lodged May 18, 2016, as the "Third Amended Complaint";

And it is HEREBY RECOMMENDED that:

2.  Defendants' motion to dismiss (ECF No. 51) be GRANTED;

3.  Plaintiff's motion to amend (ECF No. 57) be GRANTED;

4.  Plaintiff be permitted to proceed on his Third Amended Complaint's First Amendment free exercise of religion claims against Defendants Gipson, Kimbrell, Swift, and Allen for their denial of Plaintiff's name change request, and against Gipson, Robicheaux, Graves, and Sexton for their denial of Plaintiff's religious property request. (ECF No. 58.)

5.  The remaining claims within Plaintiff's Third Amended Complaint be DISMISSED with prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __September 20, 2016__        /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28